**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YASSER ABEL TABARES LEYVA, | No. 20-70762 |
| Petitioner, | Agency No. A215-880-364 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2021[**]
San Francisco, California

Before: McKEOWN and IKUTA, Circuit Judges, and ERICKSEN,[***] District Judge.

Yasser Abel Tabares Leyva, a native and citizen of Cuba, seeks review of

the Board of Immigration Appeals' (BIA) decision affirming the decision of the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

Immigration Judge (IJ) to deny Tabares' application for asylum. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and we deny the petition for review.

The IJ's adverse credibility finding was supported by substantial evidence. There were sufficient indicia of reliability to permit the BIA and us to consider Tabares' sworn statements in his I-877 form and the Customs and Border Protection officer's report on form I-213. *See Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020); *Angov v. Lynch*, 788 F.3d 893, 905 (9th Cir. 2015) ("The presumption of regularity has been applied far and wide to many functions performed by government officials."). Tabares' assertion in his sworn asylum application that his mother and sister had lived in Ecuador for the prior four years conflicts with his earlier sworn statement that his parents lived in Cuba. Also, Tabares' initial statement that his sister lived in Georgia conflicts with his subsequent sworn testimony that his sister did not live in Georgia. Both the IJ and the BIA found that these inconsistencies supported an adverse credibility finding, and no "evidence in the record compels" this court to reach "a contrary result." *Parussimova v. Mukasey*, 555 F.3d 734, 738 (9th Cir. 2009); 8 U.S.C. § 1252(b)(4)(B) (agency factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.") Moreover, these inconsistencies are not "utterly trivial." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) ("When an inconsistency is cited as a factor supporting an adverse

2

credibility determination, that inconsistency should not be a mere trivial error such as a misspelling.").  Tabares' other arguments regarding procedural defects in the record are unexhausted, so we may not consider them.  *Barron v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003).

Absent credible testimony, Tabares' asylum claim fails.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).  We need not reach Tabares' other arguments.[1]

**PETITION DENIED.**

---

[1] Tabares' motions for stay of removal [Dkt. 1] and to supplement the record [Dkt. 14] are denied as moot.